**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                          CASE NO. 3:09-cv-153-J-34TEM

JOYCE L. FLEMING,
DONALD C. FLEMING, and
GOSHEN COVENANT CHURCH

    Defendants.
_____

# **O R D E R**

This case is before the Court on Defendant[s] Flemings' First Motion to Compel (Doc. #87, Motion to Compel), filed November 15, 2010, and the United States of America's Opposition to the Flemings' Motion to Compel (Doc. #88, Opposition), filed November 29, 2010.  The Court has reviewed the instant motion and the stated opposition.  As an initial matter, the Court notes neither party has provided the undersigned with courtesy copies of the filed documents with the attachments, as required under the Amended Standing Order (*see* Doc. #4).  Notwithstanding this failure, the Court finds Defendants have **failed to confer in good faith** to attempt to resolve the discovery dispute before seeking intervention of the Court.  *See* Local Rule 3.01(g), United States District Court, Middle District of Florida.

The importance of these Rules cannot be overstated.  All counsel and unrepresented parties are expected to be familiar with and comply with all applicable rules of this Court.  (*See* Doc. #18, *sua sponte* Court Order.)  With respect to Local Rule 3.01(g), the court has noted "[t]he purpose of the rule is to require the parties to communicate and

resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876 (M.D. Fla. 1996).   A number of magistrate judges in the Middle District of Florida have construed the mandates of Rule 3.01(g) to "mean to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-cv-651-ORL-22A, 2000 WL 1658575 (M.D. Fla. Aug. 14, 2000); *see also, Espinal v. Professional Recovery Servs., Inc.*, No. 3:10-cv-131-J-32TEM (M.D. Fla. Oct. 29, 2010); *Lippy v. Metropolitan Cas. Ins. Co.*, No. 3:10-cv-727-J-34MCR, 2010 WL 40007035, *1 (M.D. Fla. Oct. 13, 2010); *Judkins v. Bloomers International, Inc.*, No. 8:09-cv-02538-T-17TBM, 2010 WL 2510665, *2 (M.D. Fla. Jun. 21, 2010); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-cv-947-J-34HTS, 2008 WL 5263701, *1 (M.D. Fla. Dec. 17, 2008).[1]  As counsel for Plaintiff properly notes, submission of a proposed motion to the opposing side seven days prior to filing the motion is not a sufficient effort to resolve a dispute before bringing it to the Court.  **Many disputes are more easily resolved when the parties actually speak with each other.**

The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and may be obtained from the Clerk's Office.

Thus, upon due consideration it is hereby **ORDERED**:

1.    Defendant's Motion to Compel Responses to Pending Discovery and for Sanctions (Doc. #87, Motion to Compel) is **DENIED without prejudice**.  The parties are encouraged to confer in an effort to resolve the outstanding discovery dispute.  If discovery

---

[1] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

disputes remain unresolved, then upon verification of such conference counsel may file a renewed motion.

    2.    The parties shall review the Amended Standing Order (Doc. #2) and comply with the provisions stated therein. The Court notes both the Motion to Compel (Doc. #87), with the attachments, and the United States' Opposition (Doc. #88), with the attachments, filed in this matter exceeded twenty-five pages in length.  To date, neither Plaintiff or Defendants have provided the required courtesy copies of the filings to the chambers of the undersigned.

    **DONE AND ORDERED** at Jacksonville, Florida this 10th day of December, 2010.

Copies to all counsel of record
   and *pro se* parties, if any

THOMAS E. MORRIS
United States Magistrate Judge