**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

vs.                                   Case No.  3:09-cv-153-J-34PDB

JOYCE L. FLEMING, DONALD C.
FLEMING and GOSHEN COVENANT
CHURCH,

                Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on the United States of America's Second Application for and Memorandum of Law in Support of Entry of Default Judgment against Defendant Goshen Covenant Church (Doc. No. 77; Second Motion for Default Judgment); United States of America's Motion for Summary Judgment against Joyce and Donald Fleming and Memorandum in Support (Doc. No. 105; Plaintiff's Motion for Summary Judgment); the Flemings' Verified Response to USOA's Motion for Summary Judgment with Brief (Doc. No. 107; the Flemings' Response); the Flemings' Reasserted Motion to Dismiss (Doc. No. 111; Reasserted Motion to Dismiss); the United States of America's Opposition to the Flemings' Reasserted Motion to Dismiss (Doc. No. 116; Opposition to Reasserted Motion to Dismiss); the Flemings' Motion for Summary Judgment on their Defenses (Doc. No. 112; the Flemings' Motion for Summary Judgment); and the United States of America's Opposition to the Flemings' Motion for Summary Judgment on their Defenses (Doc. No. 117; Opposition to the Flemings' Motion for Summary Judgment).

## I.      Procedural History and Facts

Plaintiff initiated this action by filing a Complaint (Doc. No. 1) against the Flemings "to reduce to judgment the unpaid federal liabilities" pursuant to 26 U.S.C. §§ 7401 and 7403.  See Complaint at 1, 2, 5.  Plaintiff also seeks to foreclose federal tax liens on the Flemings' real property located at 1012 Crestdale Street, Jacksonville, Florida 32211 (the Subject Property).  See Complaint at 1-2, 9-10.  In the Complaint, Plaintiff asserts that the Flemings took title to the Subject Property by Warranty Deed in 1974, and that, in 1998, the Flemings purported to transfer the Subject Property to Goshen Covenant Church (Goshen), a fictitious entity allegedly created by the Flemings to evade or defeat payment of federal income taxes.  See id. at 9.  Plaintiff alleges that, pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose upon assessment of the Flemings' unpaid tax liabilities and attached to all the property rights of the Flemings, including the Subject Property.  Id.  Plaintiff then sets forth the years in which Plaintiff filed a Notice of Federal Tax Lien in Duval County, Florida against the Flemings and Goshen as their nominee.  See id. at 10.  As such, Plaintiff contends that the federal tax liens attach to the Subject Property and therefore, are subject to a foreclosure action.  Id.

In response to the Complaint, the Flemings filed seven separate motions to dismiss under Rule 12 of the Federal Rules of Civil Procedure (Rule(s)), see Doc. Nos. 8-14 (Initial Motions),[1] and later filed supplemental motions to dismiss.  See Doc. Nos. 29-35

---

[1]      Mrs. Fleming also filed the Flemings' First Rule 11 Motion to Strike (Doc. No. 7; First Motion to Strike), on behalf of both herself and her husband.  In the First Motion to Strike, Mrs. Fleming argued that the attorneys representing Plaintiff, the United States, did not have authority to do so and therefore could not "sign" a pleading as required under Rule 11(a).  See generally id.  The Court denied the First Motion to Strike as without merit.  See Order (Doc. No. 27).  The Flemings then filed the

(Supplemental Motions).[2]  Upon the filing of the Supplemental Motions, the Court terminated the Initial Motions.  See Order (Doc. No. 47).  The Court also struck the Supplemental Motions for failing to comply with the Local Rules, United States District Court, Middle District of Florida (Local Rule(s)) and directed the Flemings to file an answer to the Complaint or a single motion to dismiss in compliance with the Local Rules.  See id.

Goshen has not appeared or filed any pleadings in this case.  In light of this failure, Plaintiff moved for the entry of default against Goshen on October 6, 2009, see Application for Entry of Default (Doc. No. 46; Motion for Default).  Although the Flemings attempted to file a response to the Motion for Default, as pro se parties, they were not authorized to do so.  See The Flemings' Response to USOA's Request for Default Regarding Goshen (Doc. No. 49); Order (Doc. No. 58; Order Denying Motion for Default).  Nevertheless, the Court denied the Motion for Default because it provided insufficient information.  See Order Denying Motion for Default.  Plaintiff renewed the Motion for Default with further information to confirm that it complied with the Order Granting Request for Service by Publication, see Second Application for Entry of Default (Doc. No. 61), and the Court granted the motion, see

---

Flemings' First Supplemental Rule 11 Motion to Strike (Doc. No. 28; Supplemental Motion to Strike), which was signed by both Joyce and Donald Fleming but raised the same arguments as the Initial Motion to Strike.  The Court denied the Supplemental Motion to Strike for the same reasons it denied the First Motion to Strike.  See Order (Doc. No. 45).

[2]        The Flemings filed an additional motion to dismiss, arguing that Goshen had not been served within 120 days.  See The Flemings' Rule 4(m) Motion to Dismiss (Doc. No. 43; Rule 4 Motion).  The Court denied the Rule 4 Motion, see Order (Doc. No. 44), because Plaintiff had been granted an extension of time to serve Goshen by publication based on its argument that Goshen is a fictitious entity that does not have an address.  See United States of America's Motion for Extension of Time Within Which to Serve Process on Goshen Covenant Church and to Effect Service of Process by Publication and Supporting Memorandum (Doc. No. 20); Order (Doc. No. 39; Order Granting Request for Service by Publication) at 2-3.

Order (Doc. No. 65; Order Granting Default).  As such, the Clerk of the Court entered default against Goshen on December 18, 2009.  See Clerk's Entry of Default (Doc. No. 66).  Thereafter, Plaintiff moved for the entry of default judgment, see United States of America's Application for and Memorandum of Law in Support of Entry of Default Judgment against Defendant Goshen Covenant Church (Doc. No. 72), which the Court denied without prejudice.  See Order (Doc. No. 73).  Plaintiff later renewed its motion for default judgment, see Second Motion for Entry of Default Judgment, which is currently pending before the Court.[3]

In accordance with the Court's instructions, the Flemings filed a single motion to dismiss on October 22, 2009.  See The Flemings' Omnibus Rule 12(b) Motion to Dismiss (Doc. No. 54; Omnibus Motion to Dismiss).  In the Omnibus Motion to Dismiss, the Flemings raised arguments that the Court found to be "'shopworn arguments characteristic of tax-protestor rhetoric that has been universally rejected' by a number of courts."  See Order (Doc. No. 91; Order Denying Omnibus Motion to Dismiss) at 3 (quoting Stearman v. Comm'r, 436 F.3d 533, 537 (5th Cir. 2006)).  The Flemings also raised arguments regarding lack of subject matter and personal jurisdiction, lack of venue, insufficient process and service of process, failure to state a claim upon which relief can be granted and a failure to join indispensable parties.  See generally Omnibus Motion to Dismiss.  The Court rejected these arguments, concluding that they provided no basis for dismissal.  See Order Denying Omnibus Motion to Dismiss at 4-10.  Following the entry of the Order Denying Omnibus

---

[3]     The Flemings again improperly attempted to file a response on Goshen's behalf.  See The Flemings' Response to USOA's Motion for Default Judgment (Doc. No. 78); Local Rule 2.01.

4

Motion to Dismiss, the Flemings filed their answer to the Complaint on February 7, 2011. See Defendant Flemings' Answer (Doc. No. 96).

Plaintiff filed the instant Motion for Summary Judgment on March 28, 2011.  In support of Plaintiff's Motion for Summary Judgment, Plaintiff attached the declarations of Vickie Bryant, a former Revenue Officer for the Internal Revenue Service (IRS) (Doc. No. 105-1; Bryant Decl.), Katherine Walsh, Plaintiff's counsel[4] (Doc. No. 105-2; Walsh Decl.), Janice White, a Revenue Officer (Doc. No. 105-3; White Decl.),[5] and Richard Hobbs, a Revenue Officer (Doc. No. 105-4; Hobbs Decl.).  Plaintiff also included copies of the

---

[4] In Walsh's Declaration, she states that she has personally conducted records searches in an unsuccessful attempt to locate Goshen.  See Walsh Decl. at 1-2.  Walsh also authenticates the documents in Exhibits 1 to 4 as true and correct copies of public records from Duval County, Florida. See id. at 2-3.  The Flemings do not dispute Walsh's ability to authenticate documents, but object to the admissibility of Katherine Walsh's Declaration because they argue it goes "beyond the scope of providing foundation for documents," constitutes expert testimony, is not based on personal knowledge, and renders her a fact witness rather than an advocate.  See Flemings' Response at 5-8.  The Flemings' characterization of Walsh's declaration is inaccurate, as her Declaration is based on personal knowledge about the public records searches she performed and the documents she received.  The Court concludes that the Flemings' objections to Walsh's Declaration are without merit.  See Johnston v. United States, No. 90-1007, 1990 WL 152338, at *3 (1st Cir. Sept. 12, 1990) (finding IRS records public records that were properly authenticated by "the declaration of the government's attorney that these records were received by him from IRS files and that he was their present custodian"); see also Horton v. Sierra Conservation Ctr., Case No. 1:09-cv-01441-SMS, 2012 U.S. Dist. Lexis 35328, at *3-4 (E.D. Cal. Mar. 15, 2012) (explaining that an attorney's role in filing a declaration to authenticate documents is "more akin to the attorney's administrative responsibilities at trial than to the role of witness" and noting that "attorneys' declarations are commonly used in motion practice with no expectation that the attorney will testify at trial").

[5] Janice White is a pseudonym.  See Declaration of Janice White (Doc. No. 105-3; White Decl.).  The Flemings object to the use of a pseudonym on grounds that it violates their right to confront the witnesses against them.  See Flemings' Response at 12-13.  However, "the confrontation clause is not applicable to civil cases."  Malghan v. Evans, 118 F. App'x 731, 734 (4th Cir. 2004); see also United States v. Sieloff, No. 808-cv-1106-T-30MAP, 2009 WL 1850197, at *3 (rejecting argument that "Plaintiff's motion for summary judgment lacks credibility because the declaration of Revenue Officer J. Beck is a pseudonym and therefore questionable").

Flemings' Form 4549s, see Exhibits A and B to Hobbs Decl. (Form 4549s)[6], property records including the original warranty deed conveying the Subject Property to the Flemings in 1974, see Exhibit 1 to Plaintiff's Motion for Summary Judgment (Doc. No. 105-5; Exhibit 1) at 1, as well as the mortgage executed on the Subject Property that was satisfied on August 21, 1993. See Exhibit 1 at 2-5. Plaintiff provided certified copies of Certificates of Assessments, Payments, and Other Specified Matters for Joyce Fleming, see Exhibit 2 to Plaintiff's Motion for Summary Judgment (Doc. No. 105-6; Mrs. Fleming's Assessment) and for Donald Fleming, see Exhibit 3 to Plaintiff's Motion for Summary Judgment (Doc. No. 105-7; Mr. Fleming's Assessment, or collectively, Assessments). Finally, Plaintiff filed copies of the Notices of Federal Tax Lien which it previously recorded. See Exhibit 4 to Plaintiff's Motion for Summary Judgment (Doc. No. 105-8; Notices).[7]

---

[6]   IRS Form 4549, a form entitled "Income Tax Examination Changes," assists the IRS in making the necessary adjustments in income, calculating the total corrected tax liability, assessing the balance due or overpayment, if any, and imposing the appropriate penalties, and it provides for the taxpayer's consent to the IRS's tax assessment contained within the Form.

[7]   The first notice, recorded on October 26, 2007, is found on page 190 of OR Book 13605 in Duval County, Florida in regard to Donald C. Fleming for 1983 to 1997. See Exhibit 4 at 1. The second notice, recorded on the same day, is found on page 191 of the same book in regard to Donald C. Fleming for 1999 to 2001. See id. at 2. The third notice, recorded on March 5, 2007, is found on page 1837 of OR Book 13845 in regard to Goshen Covenant Church, as the nominee of Donald C. Fleming for 1983 to 1997. See id. at 3. Similarly, a fourth notice, recorded on March 5, 2007, is found on page 1836 of OR Book 13845 in regard to Goshen Covenant Church, as the nominee of Donald C. Fleming for 1999 and 2001. See id. at 4. A fifth notice, recorded on March 13, 2007, is found on on page 2122 of OR Book 13864 in regard to Goshen Covenant Church, nominee of Donald C. Fleming for 1999 and 2001. See id. at 5. A notice regarding Joyce C. Fleming, recorded on July 24, 2006, is found on page 358 of OR Book 13409 for 1994 to 2002 and 2004. See id. at 6. A similar notice, recorded on March 5, 2007, is found on page 1835 of OR Book 13845 in regard to Goshen Covenant Church, as the nominee of Joyce L. Fleming for 1994 to 2002 and 2004. See id. at 7.

In December of 2002, Donald Fleming pled guilty in federal court to conspiracy to defraud the United States in violation of 18 U.S.C. § 371.[8]  The Court sentenced him to a term of imprisonment of twenty-seven months to be followed by a thirty-six month term of supervised release.  As a condition of his supervised release, the Court ordered Donald Fleming to cooperate with a revenue agent to determine his unpaid income tax liability.  Hobbs Decl. at 1; Judgment in a Criminal Case, United States v. Fleming, 3:00-cr-262-J-20HTS (Doc. No. 1222; Donald Fleming Judgment) at 4.

Also in December of 2002, Joyce Fleming entered a plea of guilty in federal court to the charge of filing a false income tax return in violation of 26 U.S.C. § 7206(1).  Judgment in a Criminal Case, United States v. Fleming, 3:00-cr-262-J-20HTS (Doc. No. 1246; Joyce Fleming Judgment) at 1.  The Court placed her on probation for a period of thirty-six months, and as a condition of her probation ordered Mrs. Fleming to cooperate with the IRS to determine her unpaid income tax liability.  Hobbs Decl. at 1; Joyce Fleming Judgment at 3.

As ordered, both Donald and Joyce Fleming cooperated with IRS Revenue Agent Richard Hobbs to determine their unpaid income tax liability.  Hobbs Decl. at 1-2.  Upon conclusion of the IRS assessment process, Donald Fleming executed IRS Form 4549s, Income Tax Examination Changes Forms, consenting to the IRS assessment of delinquent income taxes, penalties and interest for tax years 1983-2004.  See generally Hobbs Decl. Joyce Fleming also executed Form 4549s consenting to the IRS's assessment of unpaid

---

[8]      Section 371 provides for a fine or imprisonment of not more than five years, or both, "[i]f two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any persons, and one or more of such persons do any act to effect the object of the conspiracy."  18 U.S.C. § 371.

taxes, penalties and interest in her case for tax years 1994-2002 and 2004.

In 2006, based upon the Form 4549s, the IRS assessed unpaid taxes, penalties and interest against Donald Fleming for unpaid income taxes as follows:

| Tax Year | Balance Due[9] |
|---|---|
| 1983 | $43,990.07 |
| 1984 | $52,377.23 |
| 1985 | $49,223.88 |
| 1986 | $49,172.41 |
| 1987 | $42,742.42 |
| 1988 | $24,682.25 |
| 1989 | $53,986.27 |
| 1990 | $98,254.60 |
| 1991 | $122,073.32 |
| 1992 | $152,229.22 |
| 1993 | $368,359.97 |
| 1994 | $596,124.64 |
| 1995 | $348,057.76 |
| 1996 | $175,045.81 |
| 1997 | $137,261.51 |
| 1999 | $279.28 |
| 2001 | $8,019.35 |
| Total | $2,321,879.99 |

White Decl. at 4-6.  The IRS also used the Form 4549s in December 2005 to assess unpaid

---

[9]     The Balance Due figures reflect the balances due as of April 30, 2011.  See White Decl. at 4-6.

taxes, penalties and interest against Joyce Fleming for tax years 1994-2002 and 2004 as follows:

| Tax Year | Balance Due[10] |
|----------|-----------------|
| 1994 | $7,941.25 |
| 1995 | $7,184.75 |
| 1996 | $13,056.17 |
| 1997 | $12,619.47 |
| 1998 | $20,560.70 |
| 1999 | $7,979.77 |
| 2000 | $23,169.93 |
| 2001 | $2,368.25 |
| 2002 | $2,208.40 |
| 2004 | $1,218.95 |
| Total | $98,307.64 |

Id. at 2-3.

The IRS has issued Notices of Assessment to both Donald and Joyce Fleming and Demands for Payment.  White Decl. at 3,7.  Nevertheless, the Flemings have failed to pay in full the taxes, penalties and interest assessed against them.  White Decl. at 3-4, 6-7.

---

[10]     The Balance Due figures reflect the balances due as of April 30, 2011.  See White Decl. at 3.

9

## II.    The Flemings' Reasserted Motion to Dismiss[11]

Without leave of court and despite the procedural posture of this action, the Flemings have renewed their Omnibus Motion to Dismiss.  In doing so, they have not articulated any new basis for dismissal that warrants the Court's reconsideration.  Although the Flemings state that "[g]iven the recent developments in the case, this motion is in order," they do not explain what those recent developments are or how they might affect the disposition of the case.  See Reasserted Motion to Dismiss at 2.  For the reasons set forth in the Order Denying the Omnibus Motion to Dismiss, the Reasserted Motion to Dismiss is due to be denied.[12]

## III.    Summary Judgment Standard of Review

Under Rule 56, Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

---

[11]    It is not entirely clear from the Reasserted Motion to Dismiss exactly which of the many motions to dismiss the Flemings are attempting to reassert.  See Reasserted Motion to Dismiss at 2 ("The Flemings reassert their motion to dismiss.").  However, the Flemings repeat arguments regarding the existence of trusts, which was argued in their Omnibus Motion to Dismiss.  See Omnibus Motion to Dismiss at 10-12, 20-22; Reasserted Motion to Dismiss at 2-3.  Therefore, the Court construes the Reasserted Motion to Dismiss as reasserting the Omnibus Motion to Dismiss.

[12]    To the extent the Reasserted Motion to Dismiss raises any issue other than a challenge to the Court's subject matter jurisdiction, it is also due to be denied as procedurally improper at this stage of the proceeding.

materials." Fed. R. Civ. P. 56(c)(1)(A).[13] An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant.  See Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)).  "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." Kesinger ex rel. Estate of Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th Cir. 2004).  The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial.  See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

"When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (internal citations and quotation marks omitted).  Unsworn statements do not meet the

---

[13]     Civil Procedure Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions."  Fed. R. Civ. P. 56 advisory committee's note 2010 Amendments.

> The standard for granting summary judgment remains unchanged.  The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law.  The amendments will not affect continuing development of the decisional law construing and applying these phrases.

Id.  Thus, case law construing the former Rule 56 standard of review remains viable and is applicable here.

requirements of Rule 56, and cannot be considered on a motion for summary judgment.[14] Southern Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1248 n.8 (11th Cir. 2009); Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980).[15] Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)).

---

[14] "Federal law does provide an alternative to making a sworn statement, but requires that the statement include a hand-written statement, signed and dated, that the statement is true under the penalties of perjury." United States v. Goldston, 324 F. App'x 835, 838 (11th Cir. 2009) (citing 28 U.S.C. § 1746).

[15] In Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

IV.     **Discussion**

A.      **Plaintiff's Motion for Summary Judgment**[16]

1.      **Counts I and II to Reduce to Judgment the Flemings' Tax Assessment**

"'In reducing [a tax] assessment to judgment, the Government must first prove that the assessment was properly made.'" United States v. Korman, 388 F. App'x 914, 915 (11th Cir. 2010)[17](quoting United States v. White, 466 F.3d 1241, 1248 (11th Cir. 2006)).  A tax assessment made by the IRS constitutes a "determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes," and such a determination "is entitled to a legal presumption of correctness."  United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002); see also Bone v. Comm'r, 324 F.3d 1289, 1293 (11th Cir. 2003) (citing Welch v. Helvering, 290 U.S. 111, 115 (1933)).  A taxpayer challenging the IRS' assessment bears the burden of overcoming this presumption by proving by a preponderance of the evidence that the IRS' computations were erroneous.  Bone, 324 F.3d at 1293; United States v. Lena, 370 F. App'x 65, 69-70 (11th Cir. 2010); Pollard v. Comm'r, 786 F.2d 1063, 1066 (11th Cir. 1986); Olster v. Comm'r, 751 F.2d 1168, 1174 (11th Cir. 1985) ("Absent a finding that the

---

[16]     The Flemings argue that Plaintiff's Motion for Summary Judgment "arrives not only without evidence but also without signature." Flemings' Response at 16.  To the extent the Flemings are arguing that the electronic signature found at the conclusion of Plaintiff's Motion for Summary Judgment is insufficient, their argument is without merit.  See Paragraph II(C)(1), Administrative Procedures for Electronic Filing in Civil and Criminal Cases.  Further, to the extent they are reasserting their previous arguments that Plaintiff's attorney is not authorized to sign pleadings, this Court has rejected such arguments as without merit.  See First and Supplemental Motions to Strike; Orders (Doc. Nos. 27 & 45).

[17]     "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

computational methods used, and therefore the assessment, was arbitrary and without foundation, the tax deficiency is presumptively correct.  The taxpayer has the burden of proving that the computational method used is arbitrary and without foundation." (internal citations omitted)).

Here, Plaintiff has provided certified Certificates of Assessments and Payments, which reflect the amounts and dates of taxes owed and penalties assessed against the Flemings.  See Assessments.  These Assessments are presumptive and prima facie proof of valid assessments of the Flemings' tax debt.  See United States v. Chila, 871 F.2d 1015, 1018 (11th Cir. 1989) (the "Court accepts the document 'Certificate of Assessments and Payments' submitted by the government as presumptive proof of a valid assessment" (citation omitted)).  Plaintiff has also filed the declaration of IRS Officer White verifying the IRS' calculations in the Assessments.  See White Decl. at 1-7.  Upon this prima facie showing, the burden shifts to the Flemings to establish that the tax assessment is not correct.  White, 466 F.3d at 1248; see also Helvering v. Taylor, 293 U.S. 507, 514 (1935).

Despite the Court's previous rejection of the Flemings' "taxpayer means fiduciary argument," see Order Denying Omnibus Motion to Dismiss, the Flemings persist in contending that they are not subject to taxation by the United States, see Flemings' Response at 1, 4-8, 15, 18-19.  As the Court has previously held, these arguments are frivolous and have been expressly rejected by other courts.  See Taylor v. Comm'r, 350 F.

App'x 913 (5th Cir. 2009) (per curiam);[18] see also Stearman, 436 F.3d at 537; Wallis v. Comm'r, 203 F. App'x 591 (5th Cir. 2006) (per curiam); Collard v. Comm'r, 354 F. App'x 24 (5th Cir. 2009) (per curiam); see also Braquet v. Comm'r, 336 F. App'x 432 (5th Cir. 2009) (per curiam); Florance v. Bush, No. 3:09-CV-1470-B-BH, 2010 WL 2710665, at *3 n.5 (N.D. Tex. June 24, 2010).  As such the Court will not re-address these arguments here.

The Flemings' additional arguments are also without merit.  They argue that their taxes have been incorrectly calculated based on a "married filing separately" rate instead of a joint rate, and they reassert their argument that there are two separate "trusts."  See Flemings' Response at 7, 11, 14, 16-17.  The Flemings also argue that they have not been given appropriate credit for forfeitures, amounts withheld, and payments made.  See id. at 23-25.  The record does not support the Flemings' claim that they are entitled to tax calculations based on the joint rate because they failed to show that they elected to file jointly by filing a joint return within the appropriate time period for each year as required to qualify for such a rate.  See Casey v. Comm'r, T.C. Memo 1988-170 (T.C. 1988) ("Section 6013(a)[19] allows a husband and wife to elect the filing of a joint return.  A joint return must be filed in order validity [sic] to elect joint return treatment."), aff'd, 876 F.2d 899 (11th Cir. 1989).  Additionally, the Flemings have not provided any documentation or specific information regarding the sources of payments or amounts they contend should have been

---

[18]    As in this case, each of the plaintiffs' pleadings in Taylor contained the footer "EXPOSING THE SCAM: TAXPAYER MEANS FIDUCIARY." Taylor, 350 F. App'x at 914. Additionally, in Taylor, the plaintiffs made the same argument the Flemings make here, that they are not fiduciaries, and therefore, they do not have income subject to taxation, among other equally frivolous arguments. See id.

[19]    26 U.S.C. § 6013(a).

credited against the unpaid taxes[20] or any other evidence to raise a question of material fact

sufficient to preclude summary judgment.  See, e.g., Mays v. United States, 763 F.2d 1295,

1296, 1297 (11th Cir. 1985) (in tax refund suit, taxpayer's computer printout summarizing

business expenses and net worth statement were self-serving statements that failed to

overcome presumption of correctness of IRS determination, where statements did not refer

to any original records and taxpayer presented no documentation or other evidence;

taxpayer's claim that IRS erred "must be substantiated by something other than tax returns,

. . . uncorroborated oral testimony, . . . or self-serving statements"); Olster, 751 F.2d at

1174-75 (taxpayer "has done little to come forward with information casting doubt on the

[IRS'] assessment"); United States v. Roberts, No. Civ.A. 04-310-CG-L, 2005 WL 1155676,

at *3 (S.D. Ala. Apr. 18, 2005) (taxpayer's "bare assertion that some payments 'do not

appear to have been credited' is insufficient to create a material question of fact"); United

States v. Mallard, No. Civ.A. 90-822-CB, 2003 WL 1908424, at *4 (S.D. Ala. Mar. 10, 2003)

("Defendants, by resting upon mere denials, have failed to rebut the Certificates of

Assessments and Payments, and sworn declaration submitted by Plaintiff"); United States

v. Mathewson, 839 F. Supp. 858, 861 (S.D. Fla. 1993) (taxpayer's bare assertions that he

has not previously seen the tax assessments and that he does not believe that assessment

is correct, and that his ex-wife received part of the funds earned, did not overcome

presumption of valid assessment); United States v. Braswell, No. 84-0089T-S, 1985 WL

5140, at *3 (S.D. Ala. July 24, 1985) (defendant taxpayer's general denials of liability found

---

[20]      The Flemings make reference a potential violation of the constitutional protection against Double Jeopardy.  See Flemings' Response at 23-25.  However, this suggestion lacks merit.

in defendant's answer, responses to admissions, and answers to interrogatories, "unsupported by tangible evidence" were "insufficient to rebut the prima facie case made against him regarding the amount of the tax liability"). Absent any competent evidence for the Court to consider in rebuttal to Plaintiff's presumptively valid tax assessments and the sworn affidavits, the Court concludes that no genuine issue of fact exists. Plaintiff has established that the tax liabilities were properly assessed against the Flemings and summary judgment is appropriate. See Chila, 871 F.2d at 1018 (where defendant offered no evidence to counter the presumption of validity, the court was satisfied that the government had established that the tax liability was properly assessed).

As to Count I, judgment is due to be entered in favor of Plaintiff, the United States, and against Joyce Fleming for unpaid federal income tax liabilities for tax years 1994-2002 and 2004, in the amount of $98,307.64, plus additional fees, interest, and statutory additions accruing thereafter. Similarly, as to Count II, judgment is due to be entered in favor of Plaintiff, the United States, and against Donald Fleming for unpaid federal income tax liabilities for tax years 1983-1997, 1999, and 2001, in the amount of $2,321,879.99, plus additional fees, interest, and statutory additions accruing thereafter.

### 2. Count III to Foreclose Tax Liens on the Subject Property Currently Titled in the name of Goshen Covenant Church

Pursuant to Title 26, United States Code Section 6321:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

17

26 U.S.C. 6321 (1954). The lien arises by operation of law "at the time the assessment is made and shall continue until the liability for the amount assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322. Such a lien attaches to all property owned by the taxpayer at the time the lien arises and during the existence of the lien. See Glass City Bank v. United States, 326 U.S. 265, 267 (1945). This includes property the taxpayer owns that is held in the name of an alter ego or nominee. See Shades Ridge Holding Co. v. United States, 888 F.2d 725, 728 (11th Cir. 1989) ("Property of the nominee or alter ego of a taxpayer is subject to the collection of the taxpayer's liability.").

A third party holds property as a nominee when the third party holds bare legal title and the taxpayer retains the beneficial ownership of the property. United States v. Dornbrock, No. 06-61669-CIV, 2008 WL 769065, at *4 (S.D. Fla. Jan. 17, 2008).

> Focusing on the relationship between the taxpayer and the property, the [nominee] theory attempts to discern whether a taxpayer has engaged in a sort of legal fiction, for federal tax purposes, by placing legal title to property in the hands of another while, in actuality, retaining all or some of the benefits of being the true owner.

Id. (quoting In re Richards, 231 B.R. 571, 578 (E.D. Pa. 1999) (alteration in original). Courts generally apply state law to determine whether the named titleholder is a nominee; however, Florida does not have a bright-line test for this issue. Id. at *5. As such, the Court considers a number of factors based on the facts and circumstances of a case, focusing on who has active or substantial control of the property. See id.; Shades Ridge Holding Co., 888 F.2d at 728-29. Those factors include:

(1) whether the taxpayer exercised dominion and control over the property; (2) whether the property of the taxpayer was placed in the name of the nominee in anticipation of collection activity; (3) whether the purported nominee paid any consideration for the property, or whether the consideration paid was inadequate; (4) whether a close relationship exists between the taxpayer and the nominee; and (5) whether the taxpayer pays the expenses (mortgage, property taxes, insurance) directly, or is the source of the funds for the payments of the expenses.

Dornbrock, 2008 WL 769065, at *5; see also United States v. Todd, No. 5:05-cv-343-Oc-10GRJ, 2008 WL 2199873, at *3 (M.D. Fla. Mar. 19, 2008).

In this case, it is undisputed that the Flemings have resided at the subject property since they purchased it in 1974, despite the fact that title to the property has changed four times since the mortgage was satisfied in 1993.[21]  See Plaintiff's Motion for Summary Judgment at 21-22; see also Bryant Decl. at 1.  Thus, the Flemings have continued to exercise dominion and control over the property.  Although the Flemings transferred title to the Subject Property to Goshen in 1998, two years before the government initiated criminal proceedings against the Flemings for conspiracy to defraud the United States and other tax-related offenses, the frequent transfer of property for nominal consideration between 1993 and 1998 suggests an effort to evade collection.  However, Plaintiff did not provide evidence to address this factor, so the Court does not weigh it in determining whether Goshen holds the property as a nominee.

---

[21]     The Flemings transferred the property via quitclaim deed dated July 26, 1993, to Home Allowance Trust, see Exhibit 1 at 6, who then transferred the property on January 2, 1996, to The Charles Homestead.  See Exhibit 1 at 15-16.  The Charles Homestead trust transferred the property back to the Flemings, who designated the Subject Property as their homestead.  See Exhibit 1 at 17-18.  Then on February 12, 1998, the Flemings transferred the property to Goshen via quitclaim deed.  See id. at 19. The Court notes that the address listed on the deed for Goshen was "General Delivery, Monument Station, Jacksonville, Florida, America; Kingdom of Heaven."  Id.

Nevertheless, the remaining factors all support a finding that Goshen is a nominee. The purported consideration paid for the Subject Property was $100.00, which is significantly inadequate.[22]  See Exhibit B to Walsh Decl.  In terms of the relationship between Goshen and the Flemings, Plaintiff has submitted evidence to establish that Goshen is a fictitious entity.  Plaintiff served Goshen by publication and Goshen has submitted no response or appearance to date.  A search of public records yielded no results for Goshen.  See Walsh Decl.  The address listed with the Duval County Property Appraiser for Goshen is "C/O Donald Fleming, 1012 Crestdale St, Jacksonville, FL 32211."  See Exhibit B to Walsh Decl. The Flemings have presented no evidence of a physical address for Goshen other than care of Mr. Fleming at the Subject Property address.[23]  See Plaintiff's Motion for Summary Judgment at 5; Exhibit A to Walsh Decl.  Additionally, the Flemings have not provided any contact information or suggested location for Goshen.  Bryant Decl. at 2.  Lastly, Mr. Fleming currently pays and has been paying the property taxes as well as maintenance and utility expenses for the Subject Property.  See Plaintiff's Motion for Summary Judgment at 22; Bryant Decl. at 1-2.

In the Fleming's Response, the Flemings assert that "Goshen is definitely an existing entity."  See Flemings' Response at 17.  However, they present no evidence to dispute the information, or lack of information, discussed above regarding the existence of Goshen nor

_____

[22]    In fact, a $100.00 sales price is also listed for the 1993 and both of the 1996 transfers. See Exhibit B to Walsh Decl.

[23]    The only other address in the record for Goshen comes from a quitclaim deed from Mildred Stearns Evans, Trustee, to Goshen Church, Gregory L. Ivo-Senior Deacon/Trustee, which lists a post office box in Jacksonville, Florida: Kingdom of Heaven.  See Exhibit C to Walsh Decl.  The deed does not appear to have been signed by anyone on behalf of Goshen.  See id.

do they provide any evidence of any kind to show that Goshen is anything other than their nominee.  Instead, the Flemings make the frivolous argument that the lack of registration is irrelevant as "[n]othing under the sun compels anyone at any time to transact under any particular choice of law, especially the choice of law of the 'place' called 'this state.'" See id. Although the Flemings have verified their Response pursuant to 28 U.S.C. § 1746, see id. at 33-34, such a general, conclusory assertion with no evidentiary support whatsoever is insufficient to raise a question of fact as to whether Goshen is the Flemings' nominee.  See Schweitzer-Reschke v. Avnet, Inc., 881 F. Supp. 530, 533 (D. Kan. 1995) ("[C]onclusory statements, general denials and factual allegations not based on personal knowledge are insufficient to avoid summary judgment."); see also Salas v. Carpenter, 980 F.2d 299, 305 (5th Cir. 1992) ("[C]onclusory assertions cannot be used in an affidavit on summary judgment.").  In light of the foregoing, the Court finds that Goshen, if it exists at all, is a nominee of the Flemings, that the tax liens attach to the Subject Property, and Plaintiff is entitled to summary judgment to foreclose on the Subject Property to partially satisfy the Flemings' unpaid taxes.[24]

---

[24]       The Flemings contend that Plaintiff lacks standing to sue for partition because they own the property as joint tenants.  See Flemings' Response at 27-29.  This argument is without import, however, because Plaintiff does not seek partition.  It seeks to foreclose on the property to partially satisfy unpaid income taxes, which is expressly authorized by statute:

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

26 U.S.C. § 7403(a) (emphasis added).  See also United States v. Rodgers, 461 U.S. 677, 680, 708 (1983) (holding that § 7403 permits "the judicial sale of certain properties to satisfy the tax indebtedness

**B.      Flemings' Motion for Summary Judgment**

In the Flemings' Motion for Summary Judgment, they present no evidence and instead reassert their frivolous arguments related to trusts.  See generally Flemings' Motion for Summary Judgment.  As discussed above, Plaintiff is entitled to summary judgment on its claims, the Flemings' Motion for Summary Judgment is without merit, and is due to be denied.

**V.      Second Motion for Default Judgment**

Rule 55, Federal Rules of Civil Procedure (Rule(s)), sets forth the requirements for entry of a default judgment.  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue."  Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir. 1986).  While all well-pleaded allegations of fact are deemed admitted upon entry of default, before entering a default judgment the Court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted.  See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).  See also GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted).  In addition, a court must consider whether an evidentiary hearing on the question of damages is warranted.  "[A] judgment by

---

of delinquent taxpayers" even in cases where the taxpayer's spouse does not owe any taxes and has a joint interest in the property).  In this case, both the Flemings owe unpaid income taxes and the fact that they own the Subject Property as joint tenants does not prohibit its sale to pay those taxes.

default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." <u>United Artists Corp. v. Freeman</u>, 605 F.2d 854, 857 (5th Cir. 1979). <u>See</u> <u>also</u> <u>SEC v. Smyth</u>, 420 F.3d 1225, 1231-32 (11th Cir. 2005).  However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary.  <u>See</u> <u>Smyth</u>, 420 F.3d at 1232 n.13.

As explained above, this is an action to obtain a judgment for unpaid taxes and to foreclose on the Subject Property.  Accordingly, the Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. § 7402.  Goshen is a named defendant because the Subject Property is titled in its name and  Plaintiff seeks a default judgment against Goshen determining that it holds such property as a nominee for the Flemings.  Despite being properly served by publication, <u>see</u> Order Granting Default at 2, Goshen has not responded to the Complaint or appeared in this case.  In light of the above, Plaintiff is entitled to the relief requested pursuant to 26 U.S.C. § 7403, and the Court hereby determines that Goshen holds the Subject Property as a nominee for the Flemings and default judgment is appropriate.

The Court further determines that tax liens in favor of Plaintiff for Donald Fleming's unpaid taxes for tax years 1983-1997, 1999, and 2001 attach to the Subject Property as do the tax years in favor of Plaintiff for Joyce Fleming's unpaid taxes for tax years 1994-2002 and 2004.  Those tax liens are due to be foreclosed and the Subject Property is due to be sold to satisfy the outstanding liens.  Finally, the Court determines that Goshen Covenant Church has no legally cognizable interest in the Subject Property and therefore no entitlement to any proceeds from such sale.

23

## VI.   Conclusion

The Flemings' Reasserted Motion to Dismiss and Motion for Summary Judgment do not provide a basis for relief and are frivolous.   Accordingly, both are due to be denied. Plaintiff's Motion for Summary Judgment and supporting evidence establishes that Plaintiff is entitled to judgment as a matter of law and its Motion for Summary Judgment is therefore due to be granted.   Further, Plaintiff has stated a valid cause of action against Goshen and Goshen has not appeared in this case; therefore, Plaintiff's Second Motion for Default Judgment is also due to be granted.   In light of the foregoing, it is hereby

**ORDERED:**

1.    The United States of America's Second Application for and Memorandum of Law in Support of Entry of Default Judgment against Defendant Goshen Covenant Church (Doc. No. 77) is **GRANTED.**

2.    The United States of America's Motion for Summary Judgment against Joyce and Donald Fleming and Memorandum in Support (Doc. No. 105) is **GRANTED.**

3.    The Flemings' Reasserted Motion to Dismiss (Doc. No. 111) is **DENIED.**

4.    The Flemings' Motion for Summary Judgment on their Defenses (Doc. No. 112) is **DENIED.**

5.    The Clerk of the Court is directed to enter judgment in favor of Plaintiff, the United States of America, and against the Flemings, Joyce L. Fleming and Donald C. Fleming, as follows:

a.      Defendant, Joyce L. Fleming , is indebted to the United States for unpaid federal income tax liabilities for the taxable years 1994-2002 and 2004, in the total amount of $98,307.64, as of April 30, 2011, plus additional fees, interest, and statutory additions accruing thereafter as provided by law.

b.      Defendant, Donald C. Fleming, is indebted to the United States for unpaid federal income tax liabilities for the taxable years 1983-1997, 1999 and 2001, in the total amount of $2,321,879.99, as of April 30, 2011, plus additional fees, interest, and statutory additions accruing thereafter as provided by law.

c.      Goshen Covenant Church has no legally cognizable interest in the property located at 1012 Crestdale Street, Jacksonville, Florida 32211, and is entitled to no proceeds from any judicial sale of that property.

6.      The subject property located at 1012 Crestdale Street, Jacksonville, Florida 32211 (the "Property"), shall be foreclosed and sold, and the proceeds shall be distributed to Plaintiff.

7.      Plaintiff is directed to submit a proposed decree of foreclosure and order of sale by **August 15, 2014**.

25

8.     The Clerk of the Court is directed to terminate any remaining pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of July, 2014.

MARCIA MORALES HOWARD
United States District Judge

lc 16

Copies to:

Counsel of Record

Pro Se Parties

26