**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                            Case No. 3:09-cv-153-J-34PDB

JOYCE L. FLEMING, DONALD C.
FLEMING, and GOSHEN
COVENANT CHURCH,

    Defendants.
_____

**ORDER**

This case is before the Court on the Flemings' Motion for Stay of Execution of Judgment Pending Appeal (Doc. No. 126; Motion) filed on August 6, 2014. In the Motion, Defendants Donald and Joyce Fleming (the Flemings) request "that the court stay all activity regarding execution of judgment pending resolution on appeal." Motion at 1. The United States has filed a response opposing the Motion. See Government's Opposition to Donald and Joyce Fleming's Motion to Stay Pending Appeal (Doc. No. 127; Opposition).

Plaintiff, the United States of America ("United States"), filed this action in February of 2009, seeking to foreclose its federal tax liens and to sell real property owned by Defendant Goshen Covenant Church as nominee for the Flemings. On July 23, 2014, after various delays, the Court entered summary judgment in favor of the United States and against the Flemings, finding that Joyce Fleming was indebted to the United States for unpaid federal income taxes for the taxable years 1994-2002 and 2004, in the amount of $98,307.64 as of April 30, 2011, plus interest and statutory additions as allowed by law, and Donald

Fleming was indebted to the United States for unpaid federal income tax liabilities for the taxable years 1983-1997, 1999 and 2001, in the amount of $2,321,879.99, as of April 30, 2011, plus interest and statutory additions as allowed by law. See Order (Doc. No. 124; Summary Judgment Order) at 24-25. The Court further determined that the United States had valid tax liens on the subject parcel of property, located at 1012 Crestdale Street, Jacksonville, Florida 32211, for the Flemings' unpaid taxes. Id. at 23. As such, the Court ordered that the liens be foreclosed, the property be sold, and the proceeds be distributed to the United States. Id. at 25. On July 28, 2014, the Court entered Judgment against the Flemings consistent with its Summary Judgment Order. (Doc. No. 125; Judgment). Thereafter, on August 6, 2014, the Flemings filed the instant Motion seeking to stay the enforcement of the Judgment pending appeal. Approximately a month later, on September 2, 2014, the Flemings filed their Notice of Appeal. See The Flemings' Notice of Appeal Regarding the Final Order of July 23, 2014 and Related Judgment of July 28, 2014 (Doc. No. 128; Notice).

The Flemings do not cite any particular authority or rule as the basis for their request to stay the Judgment pending appeal. See generally Motion. Instead, they reassert many of the arguments that have been raised and rejected throughout this litigation. Nevertheless, the Court recognizes that Rule 62(d) of the Federal Rules of Civil Procedure (Rule(s)) governs a request for a stay of a money judgment and judgment for foreclosure of a tax lien. See United States v. O'Callaghan, 805 F. Supp.2d 1321, 1323-26 (M.D. Fla. 2011); United States v. Dornbrock, No. 06-61669-CIV, 2008 WL 2894829, at *1 (S.D. Fla. May 29, 2008);

United States v. Ohlin, No. CV-09-13-BLG-RFC-CSO, 2010 WL 2244371, at *1 (D. Mont. April 23, 2010).  Rule 62(d) provides, in pertinent part:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . . The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d).  Thus, if a judgment debtor posts a supersedeas bond, the judgment debtor is entitled to a stay of execution of judgment as a matter of right. Dornbrock, 2008 WL 2894829, at *1.  The purpose of the supersedeas bond requirement is "to preserve the status quo while protecting the non-appealing party's rights pending appeal." Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979).  Indeed, a "supersedeas bond serves to fully secure a judgment during an appeal and to compensate the judgment creditor in the event of loss caused by the stay." O'Callaghan, 805 F. Supp.2d at 1324 (citing Moore v. Townsend, 577 F.2d 424, 427 (7th Cir. 1978)); see also Ohlin, 2010 WL 2244371, at *1 ("[b]ecause [the taxpayers] have not offered to post any bond, the motion to stay should be denied").

While a party may obtain a stay as a matter of right by posting a supersedeas bond, the Court may waive the bond requirement in its discretion. Dornbrock, 2008 WL 2894829, at *1.  If the Court chooses to do so, "it should place the burden on the moving party to objectively demonstrate the reasons for" departing "from the usual requirement of a full security supersedeas bond." Poplar Grove, 600 F.2d at 1191.  A court may consider the following factors in determining whether to waive the bond requirement:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of

> a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Hickey v. Columbus Consol. Gov't, No. 4:07-CV-96 (CDL), 2011 WL 882110, at *7 (quoting Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988)).

In the Motion, the Flemings do not address Rule 62(d) or the factors relevant to a request to waive the bond requirement, opting instead to continue to advance their frivolous arguments opposing summary judgment. See Motion at 2. Indeed, as to the payment of a bond, the Flemings suggest only that any delay in executing judgment should be harmless. See id. at 5 ("If Treasury, irs, prevail, then what are they out? They've waited this long. What material difference is another year or two going to make now?"). This speculation does not satisfy the Flemings' burden to provide the Court with an objective reason for waiving the requirement of posting a supersedeas bond. Upon review of the Motion, the Court concludes that the Flemings have neither posted a supersedeas bond nor presented exceptional, unusual or unique circumstances to justify waiver of the Rule 62(d) supersedeas bond requirement. See Dornbrock, 2008 WL 2894829, at *1. As such, the Motion for stay pending appeal is due to be denied.

Accordingly, it is hereby

**ORDERED**:

The Flemings' Motion for Stay of Execution of Judgment Pending Appeal (Doc. No. 126) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 24th day of September, 2014.

MARCIA MORALES HOWARD
United States District Judge

lc16

Copies to:

Counsel of Record